IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CLEVELAND

| | | |
|---|---|---|
| JOHN A. BARB | ) | CASE NO.: |
| 7674 Arlington Avenue, N.W. | ) | |
| Massillon, Ohio 44646 | ) | JUDGE |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITIZENS BANK, N.A. | ) | **COMPLAINT** |
| One Citizens Plaza | ) | **(JURY DEMAND ENDORSED** |
| Providence, Rhode Island 02915 | ) | **HEREON)** |
| | ) | |
|     Defendant. | ) | |

## SUMMARY OF CLAIMS

1. Plaintiff seeks recovery under R.C. 4112 for the losses he sustained because of Defendant's discriminatory termination of his employment and the hostile workplace environment he endured prior to his termination.

## JURISDICTION AND VENUE

2. The parties to this action are citizens of different states.

3. The claims set forth herein arose in Cuyahoga County.

4. The amount in controversy exceeds seventy-five thousand dollars.

5. Accordingly, each of the requirements for diversity jurisdiction have been met, pursuant to 28 U.S.C. §1332.

## THE PARTIES

6. Plaintiff John A. Barb is a citizen of the State of Ohio and at all pertinent times was an employee as defined under R.C. 4112.

7. Defendant Citizens Bank N.A. (hereinafter "Citizens" or "Defendant") is a corporation

and a banking institution whose principal place of business is in Providence, Rhode Island, who is registered to do business in the State of Ohio, and who was and is at all pertinent times an employer as defined under R.C. 4112.

### FIRST CLAIM FOR RELIEF - AGE DISCRIMINATION

8. Plaintiff is over forty years old and was employed by Citizens and its predecessor companies from 1973 until he was terminated April 10, 2019.

9. Plaintiff filled various management positions at Citizens and finally held the title of Senior Vice President.

10. Prior to the events culminating in his termination, Plaintiff never received a rating of less than "effective" on his performance evaluations, with many evaluations rating his performance as "highly effective" or "exceeds expectations."

11. On or about 2016, Senior Vice President Joanne Marchi became Plaintiff's manager.

12. Ms. Marchi gave Plaintiff a rating of "highly effective" on his 2017 work performance evaluation.

13. Citizens' and Ms. Marchi's attitude towards Plaintiff began to change after he attained the age of sixty-six.

14. Beginning in mid 2018, a pattern developed whereby Plaintiff was not included in on matters specific to the performance of his job or the jobs of his direct reports, including not being copied on e-mails and being excluded from meetings and planning sessions.

15. When Citizens did include Plaintiff in meetings, Ms. Marchi would interrupt Plaintiff and his direct reports, and would not let Plaintiff finish what he wanted to say.

16. Ms. Marchi made on-going vague and unsubstantiated criticisms of Plaintiff, but

gave him a rating of "effective" on his 2018 evaluation which he received February 12, 2019.

17. During a prior meeting with Ms. Marchi when she discussed Plaintiff's mid-year review, Ms. Marchi informed Plaintiff that his work performance "met expectations."

18. Ms. Marchi, however, took Plaintiff off a project involving an acquisition, despite the fact that the project was proceeding according to schedule.

19. Ms. Marchi replaced Plaintiff with substantially younger and less experienced individuals to work on the foregoing project.

20. Despite Ms. Marchi's satisfactory rating of Plaintiff's performance, Ms. Marchi stated to Plaintiff during their February 12, 2019 meeting that she did not see him continuing on in his current position and asked him if there was anywhere else in the bank that he wanted to work.

21. Two days later when Ms. Marchi asked Plaintiff again what he intended to do, he told her that he did not intend to go anywhere else. Ms. Marchi then told him that she would follow up with Human Resources.

22. On or about February 21, 2019, Ms. Marchi issued Plaintiff a verbal warning (in writing) complaining about his work performance in a number of areas.

23. Plaintiff immediately responded in writing, rebutting the allegations set forth in the foregoing verbal warning and contending that Citizens' and Ms. Marchi's treatment of him was "discriminatory" and created a "hostile work environment."

24. Human Resources conducted an investigation and rescinded the forgoing verbal warning.

25. In the meantime, Ms. Marchi directed Plaintiff to put his reports into corrective action.

26. Plaintiff refused to open corrective action on his reports since he had just rated them as "effective" and disagreed that they were not meeting the expectation of their jobs.

27. Plaintiff did refer one of his reports to Human Resources regarding a possible verbal warning because he had rated that individual as an "effective minus".

28. Human Resources did not believe that the foregoing direct report deserved a verbal warning, and suggested instead that he be given only a corrective coaching.

29. Ms. Marchi wanted Plaintiff to open corrective actions on his reports in order to establish that his team was not performing well and that he consequently was a poor manager.

30. On or about April 10, 2019, Defendant terminated Plaintiff for his alleged "unprofessionalism," but did not tell him exactly how he had acted unprofessionally.

31. After Plaintiff's termination, Citizen assigned a person who was substantially younger than Plaintiff to take over his job responsibilities.

32. Defendant terminated Plaintiff because of his age, in violation of R.C. 4112.02(L).

33. As a direct and proximate result of the foregoing discriminatory conduct by Defendant, Plaintiff sustained a loss of past and future income and benefits, lost earning capacity, and emotional distress.

34. Defendant's actions were willful, malicious, and in reckless disregard for Plaintiff's legal rights, and are of the nature for which Plaintiff is entitled to recover from Defendant punitive damages.

## SECOND CLAIM FOR RELIEF - RETALIATION

35. Plaintiff realleges and incorporates the statements contained in paragraphs 1 through 34 hereof as if fully rewritten herein.

36. Plaintiff opposed Defendant's discriminatory conduct and the hostile workplace environment it engendered.

37. Defendant instituted an adverse employment action against Plaintiff (termination) because of and in retaliation for his opposition to its discriminatory practices, in violation of R.C. 4112.

38. As a direct and proximate result of the foregoing discriminatory conduct by Defendant, Plaintiff sustained a loss of past and future income and benefits, lost earning capacity, and emotional distress.

39. Defendant's actions were willful, malicious, and in reckless disregard for Plaintiff's legal rights, and are of the nature for which Plaintiff is entitled to recover from Defendant punitive damages.

### THIRD CLAIM FOR RELIEF - HOSTILE WORKPLACE

40. Plaintiff realleges and incorporates the statements contained in paragraphs 1 through 39 hereof as if fully rewritten herein.

41. Defendant continually and unjustifiably criticized Plaintiff's work performance, excluded him from important meetings and communications, imposed unwarranted discipline upon him, directed him to perform unethical acts, and otherwise undermined his work performance in an effort to secure his termination.

42. The aforementioned acts of Defendant created an offensive, intimidating age related hostile work environment and interfered with the terms, conditions, and/or privileges of Plaintiff's employment, in violation of R.C. 4112.

43. As a direct and proximate result of the foregoing discriminatory conduct by Defendant, Plaintiff sustained a loss of past and future income and benefits, lost earning capacity, and emotional distress.

44. Defendant's actions were willful, malicious, and in reckless disregard for Plaintiff's legal rights, and are of the nature for which Plaintiff is entitled to recover from Defendant punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant judgment on his claims against Defendant, and specifically requests the following, pursuant to R.C. 4112:

a) Monetary damages including past and future lost wages and benefits;

b) Compensatory damages in an amount that will fully compensate Plaintiff for all the emotional distress he has sustained;

c) Punitive damages;

d) Attorneys fees and costs;

e) Pre-judgment interest;

f) Post-judgment interest; and

g) Such other and further relief as may be found appropriate and as the Court may deem just or equitable.

Respectfully submitted,

/s/ Sandra J. Rosenthal
SANDRA J. ROSENTHAL, Esq. (0040215)
25423 Cardington Drive
Beachwood, Ohio 44122
(216) 696-9936
Fax 216-820-9427
E-mail br25423@aol.com

/s/ Brian C. Kelly
BRIAN C. KELLY, Esq. (0088365)

6

/s/ Robert Zelvy
ROBERT ZELVY, Esq. (0032086)
ROBERT ZELVY & ASSOCIATES
171 East Washington Row
Sandusky, Ohio 44870-2554
(419) 625-6955
Fax (419) 625-7334
E-mail bkelly@rzalaw.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury in the maximum number of jurors permitted by law.

/s/ Sandra J. Rosenthal
Sandra J. Rosenthal, Esq. (0040215)

Attorney for Plaintiff